IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Case No. 5:20-cr-00032-1 |
| v. | ) | |
| | ) | |
| NOE HERNANDEZ MORALES, | ) | By: Elizabeth K. Dillon |
| Movant. | ) | United States District Judge |

**MEMORANDUM OPINION**

Noe Hernandez Morales, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Having reviewed the record, the court concludes that Morales' motion is barred by the statute of limitations. Accordingly, the court will dismiss the motion as untimely filed.

I. BACKGROUND

In 2021, Morales pled guilty to two counts of an indictment charging him with conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and possessing a firearm in furtherance of a drug trafficking crime. (Dkt. Nos. 63–67.) On March 7, 2022, this court sentenced Morales to a total term of custody of 105 months, consisting of 45 months as to count one, and a 60-month consecutive sentence as to count two. (Dkt. No. 106.) Judgment was entered on March 11, 2022. (Dkt. No. 107.) Morales did not appeal.

On May 30, 2023, the clerk received and docketed Morales' § 2255 motion. (Dkt. No. 128.) It was signed and placed in the prison mailing system on May 24, 2023, and therefore is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); Rule 3(d) of Rules Governing 28 U.S.C. § 2255 Proceedings.

Morales asserts that his motion is timely filed under 28 U.S.C. § 2255(f)(2) because he filed it within one year of the removal of a government-created impediment. (Mot. 10.) He

argues that COVID-19 created hardships that prevented him from timely filing. (*Id.*) In a declaration, Morales cites lockdowns due to the pandemic, and that he was given no access to legal materials or a law library due to COVID-19 restrictions. (Dkt. No. 128-2.) He states that "the programs and access to library, law library and other legal materials were not available at times, of this and last year. Constantly closed." (*Id.* ¶ 6.) Morales requests an evidentiary hearing. (*Id.* ¶ 9.)

The court entered an order noting that his § 2255 motion appeared to be untimely, but the court gave Morales the opportunity to provide any additional argument or information concerning its timeliness. (Order, Dkt. No. 129.) Morales did not file an additional response.

## II.  DISCUSSION

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some improper governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). For purposes of the one-year limitations period under § 2255(f)(1), the defendant's conviction becomes final when the last appeal is decided or the time to file such an appeal expires. *United States v. Johnson*, 203 F.3d 823, 2000 WL 37753, at *1 (4th Cir. 2000) (unpublished table decision); *cf. Clay v. United States*, 537 U.S. 522, 528 (2003) (holding that where a petition for certiorari is not filed after a court of appeals decision, the conviction is final when the time for filing the petition expires). As noted, judgment was entered against Morales on March 11, 2022. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Morales had until March 25, 2022, to file his notice of appeal. Because he did not appeal, his conviction and sentence became final on March 25, 2022, and he

had until March 25, 2023, to file a timely § 2255 motion. Morales did not file his § 2255 motion until the end of May 2023, two months past the deadline as calculated under § 2255(f)(1).

Morales contends, though, that his motion should be deemed timely under § 2255(f)(2), which allows filing within one year of "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." As noted, Morales contends that the COVID-19 lockdowns and restrictions constituted an "impediment" within the meaning of that subsection.

Courts have noted that the failure to provide access to legal materials generally does not constitute an "impediment" within the meaning of § 2255(f)(2). For example, in *Laposay v. United States*, No. 1:12-CR-146, 2016 WL 2946175 (E.D. Va. May 19, 2016), the court explained:

> To toll the statute of limitations, the complained of "impediment" must be "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(f)(2). The Court thus must determine whether the circumstances of [the movant's] incarceration was in violation of the Constitution. Courts have concluded that incarceration at multiple jails with no law library or library clerk is not "violative of [a § 2255 petitioner's] constitutional rights in any way." *United States v. Wampler*, 2008 WL 565108 (W.D. Va. Feb. 29, 2008) (citing *Lewis v. Casey,* 518 U.S. 343 (1996) (finding that constitution does not require certain type of legal assistance or legal access for inmates and that to prove constitutional violation, inmate must show lack of access significantly hampered his ability to litigate viable legal claim)).
> . . . Finding that the lack of access to a law library or law clerk did not violate Wampler's constitutional rights, the [*Wampler*] court declined to toll the statute of limitations and found Wampler's § 2255 motion untimely.

*Laposay*, 2016 WL 2946175, at *2 (also declining to apply subsection (f)(2)).

That reasoning applies here, too. In short, COVID-19 related lockdowns are not impediments "in violation of" federal law. Nor has Morales shown that he attempted to obtain

3

access to legal materials, seek legal assistance, or start preparing his § 2255 motion in the year following his sentencing and that he was unable to do so.  Thus, § 2255(f)(2) does not render Morales' motion timely.

Consistent with the court's conclusion, courts that have considered similar arguments have largely rejected them.  *See, e.g.*, *United States v. Sumter*, No. 3:02-CR-00499-CMC, 2021 WL 3173176, at *5 (D.S.C. July 27, 2021) (concluding that § 2255 petitioner could not point to COVID-19 related lockdowns and then rely on §2255(f)(2) because there was no "evidence to suggest [that] governmental action in violation of the Constitution or laws of the United States prevented him from filing" his § 2255 motion).

The court therefore concludes that Morales' motion is barred by the one-year limitations period.[1]

### III.  CONCLUSION

For the above reasons, the court concludes that Morales has not demonstrated that § 2255(f)(2) is applicable to him.  The court will dismiss Morales' § 2255 motion as untimely filed.

An appropriate order will be entered.

Entered: October 12, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[1] Morales does not argue that equitable tolling should apply.  Courts have generally rejected equitable tolling arguments in this context for similar reasons.  *See, e.g.*, *Willard v. Indus. Air, Inc.*, Civ. No. TDS-20-0823, 2021 WL 309116, at *4 (M.D.N.C. Jan. 29, 2021) ("[C]ourts that have considered the issue have not found that the COVID-19 pandemic justifies equitable tolling absent a corresponding showing that the pandemic prevented the plaintiff from timely filing suit."); *Stanley v. Saul*, Civ. No. SRB-20-0499, 2020 WL 6140552, at *4 (W.D. Mo. Oct. 19, 2020) (refusing to equitably toll a filing deadline when "Plaintiff . . . does not specifically explain how COVID-19 shutdowns or related issues prevented her from [filing].").