CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
10/24/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 5:20-CR-00032-1 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| NOE HERNANDEZ MORALES ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a *pro se* motion to reduce sentence filed by defendant Noe Hernandez Morales (Morales). (Dkt. No. 175.) Morales asks the court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) on compassionate release grounds. The Federal Public Defender declined to file a supplemental motion on his behalf. The United States filed a response in opposition (Dkt. No. 190), and Morales filed a reply (Dkt. No. 191). The court has considered all the filings. For the reasons discussed herein, the court will deny Morales's motion.

I. BACKGROUND

In June 2021, Morales pled guilty to both counts of a two-count indictment: (1) conspiracy to possess with intent to distribute methamphetamine; and (2) possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). (Dkt. Nos. 63–67.) On March 7, 2022, this court sentenced Morales to 45 months on the conspiracy count, and 60 months on the firearm, to be served consecutively, for a total of 105 months' imprisonment. The court also imposed a 5-year term of supervised release on each count, to run concurrently, a fine of $100, and a special assessment of $200. (Dkt. Nos. 106–07.) Morales did not appeal.

In 2023, Morales filed a 28 U.S.C. § 2255 motion, which the court denied as untimely. (Dkt. Nos. 142, 143 (denying Dkt. No. 128).) Both this court and the Fourth Circuit Court of

Appeals denied a certificate of appealability. (Dkt. Nos. 142, 143, 172.) While Morales's appeal from the denial of his § 2255 motion was pending, the court reduced his sentence pursuant to Amendment 821 of the U.S. Sentencing Guidelines, reducing his total term of imprisonment by 5 months, to a total term of 100 months. (Dkt. No. 160.)

In his motion for compassionate release, Morales identifies three circumstances that he alleges render him eligible for a reduced sentence. They are: (1) that he "has been incarcerated for several years of his sentence"; (2) that he received an "unusually long sentence [for] his minimal participation"; and (3) that he has shown a "remarkable record of rehabilitation." (Mot. to Reduce 5, Dkt. No. 175.) His motion also refers to several cases at length, and the United States construes his motion as relying on a change in the law as an extraordinary and compelling motion warranting release.[1] (Opp'n 2, Dkt. No. 190.)

The United States opposes any relief. (*See generally* Dkt. No. 190.) It contends that he has not established extraordinary and compelling circumstances rendering him eligible for relief and that the 18 U.S.C. § 3553(a) factors "independently preclude relief" regardless. (Opp'n 5.)

## II. DISCUSSION

**A. Compassionate Release Under the First Step Act**

Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence under certain circumstances. As amended by the First Step Act and in pertinent part,[2] the statute

> authorizes a court, in its discretion, to reduce a term of imprisonment

---

[1] His motion also contains a passing reference to his health and a conclusory statement that he has "experienced physical and mental deterioration during the pandemic," but he provides no additional details. (Mot. 6–7.) In any event, these isolated comments are contained within his discussion of the § 3553(a) factors and offered to show that he no longer poses a danger and is not the same person the court sentenced years ago. (*Id.*)

[2] Prior to the First Step Act of 2018, only the BOP could seek relief in court under the statute. The First Step Act changed the statute to allow a federal inmate to file a motion for compassionate release directly with the court after exhausting his administrative remedies.

2

> after it has (1) considered the [18 U.S.C.] § 3553(a) factors for imposing a sentence, (2) found that "extraordinary and compelling reasons warrant such a reduction," and (3) found that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*United States v. Crawley*, 140 F.4th 165, 169 (4th Cir. 2025) (quoting 18 U.S.C. § 3582(c)(1)(A)); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). In 2023, the Commission issued an amended policy statement setting forth a non-exhaustive list of circumstances that may individually or in combination constitute "extraordinary and compelling" reasons for a sentence reduction. *See* U.S.S.G. § 1B1.13. That policy statement governs Morales's motion. *See Crawley*, 140 F.4th at 170.

The defendant bears the burden of showing that extraordinary and compelling reasons exist. *See United States v. Hargrove,* 30 F.4th 189, 195 (4th Cir. 2022) (noting that the inmate provided information "to carry his burden of demonstrating that his medical conditions served as an extraordinary and compelling reason for release"). And "[a] movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence." *Centeno-Morales*, 90 F.4th at 279.

**B. Exhaustion**

Section 3582(c) also requires administrative exhaustion before a defendant may file a motion requesting relief under it, although that requirement is a "'non-jurisdictional claim-processing rule' that can be waived or forfeited if not timely raised." *United States v. Davis*, 99 F.4th 647, 653 n.2 (4th Cir. 2024) (quoting *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021)). Specifically, a defendant must request that the BOP bring a motion on his behalf and then either "fully appeal" the BOP's failure to do so or allow 30 days to lapse without a response. § 3582(c)(1)(A).

Morales asserts that he has properly exhausted his administrative remedies, and the United States concedes the point. (Opp'n 5.) Thus, the court finds he has satisfied this requirement.

As the court discusses next, however, Morales has not asserted any grounds in his motion that are "extraordinary and compelling."

## C. Extraordinary and Compelling Reasons

### 1. Having served "several years" of his "unusually long sentence," coupled with alleged changes in law

As noted, the first two grounds Morales identified as "extraordinary and compelling" are that he has served several years of his sentence and that his sentence was "unusually long." (Mot. 5.) The United States also construes his motion as asserting changes in the law and purportedly invoking U.S.S.G. § 1B1.13(b)(6).

It is unclear to the court what "changes in the law" the United States is referencing. Morales's motion points to two out-of-circuit cases in support of his motion.

First, he cites to *United States v. Raul Cruz*, No. 2:12-cr-00076-PD-7 (E.D. Pa. Feb. 6, 2024), which he describes as reducing a 60-month sentence under 18 U.S.C. § 924(c) to 29 months. The docket in that case includes an order reducing Cruz's sentence entered that date. *Id.*, ECF No. 601. But that order contains no reasoning and simply states that Cruz's term of imprisonment is reduced from 180 months to 164 months. The day before the court entered that order, the defendant and the United States filed an agreement jointly seeking a sentence of 164 months, and the reason for that agreement was changes to the defendant's guideline range

4

resulting from Amendment 821 to the Sentencing Guidelines. *Id.*, ECF No. 600.[3] Nothing in that case helps Morales in his pursuit of compassionate release.

Second, he relies on the Ninth Circuit's decision in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), which contains broad language about the advisory nature of the sentencing guidelines. (Mot. at 3–5 (discussing and quoting from *Hicks*).) From that, he argues that "the final clause of § 3582(c)(2)—limiting a reduction to one that is 'consistent with applicable policy statements issued by the Sentencing Commission'—must be read to require no more than application of the Guidelines in an advisory, rather than a mandatory fashion." (Mot. at 4.)

For several reasons, *Hicks* does not help Morales. First, portions of *Hicks* were abrogated by the Supreme Court in *Dillon v. United States*, 560 U.S. 817 (2010). Furthermore, the Fourth Circuit has recently reaffirmed—in the context of a compassionate release motion under § 3582(c)—that a reduction should be granted only when it "is consistent with applicable policy statements issued by the Sentencing Commission." *Crawley*, 140 F.4th at 169. And even if the court treated that requirement (and the Policy Statement itself) as merely advisory, as Morales urges, nothing alleged in his motion identifies extraordinary and compelling circumstances, in the court's view and discretion. Thus, *Hicks* does not compel a favorable outcome for *Morales*.

It is unclear to the court whether there are other "changes" to the law on which Morales relies. Nonetheless, to the extent that Morales is invoking § 1B1.13(b)(6) and relying on a change in the law, the court agrees with the United States that Morales's arguments are foreclosed by U.S.S.G. § 1B1.13. Subsection (c) of that guideline says that, with the one exception set forth in subsection (b)(6), a change in the law (including a non-retroactive

---

[3] According to that agreement, the 60-month guideline range on the § 924(c) charge in that case remained the same, although it is accurate that the docket reflects an initial sentence of 29 months on the § 924(c) charge, consecutive to the 151-month concurrent sentences on two other charges. (*See generally* Docket, *Cruz*, No. 2:12-cr-00076-PD-7 (E.D. Pa.).)

Guidelines amendment) "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement," although it may be considered in determining "whether and to what extent a reduction" is warranted. U.S.S.G. § 1B1.13(c).

The exception, subsection (b)(6), states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. 1B1.13(b)(6).[4]

As the United States correctly notes, Morales did not receive an "unusually long sentence," has not served more than ten years, and has not established a change in the law producing a "gross disparity" between his current sentence and any amended sentence. Thus, the court finds he has not shown extraordinary and compelling circumstances under subsection (b)(6).

**2. Rehabilitation**

Morales also points to his rehabilitation efforts while in prison, and he provides certificates showing he completed certain courses while in custody, although many are in

---

[4] In this case and others, the United States has taken the position that the Sentencing Commission exceeded its authority in promulgating subsection (b)(6). (*See, e.g.*, Opp'n at 6 n.1.) But because Morales clearly does not satisfy (b)(6)'s requirements in any event, the United States does not elaborate on this argument and the court need not address it.

Spanish and no translation is provided.[5]  Congress has specified "that rehabilitation *alone* cannot be considered an extraordinary and compelling reason for release, [although] it may be considered as one factor among several under § 3582(c)(1)(A)." *United States v. Davis*, 99 F.4th 647, 659 (4th Cir. 2024) (citation omitted).  Additionally, while he refers to his rehabilitation as "remarkable," the government states that he "was cited for assault in 2022, while incarcerated." (Opp'n 8 n.2.)  The government does not provide any additional details or records concerning this.  But regardless, nothing in Morales's motion suggests that he has accomplished the type of exemplary or unusual rehabilitation that courts have found could support a reduction in sentence under the compassionate release statute.  *Cf. id.* at 660–61 (concluding that the district court erred in failing to address defendant's rehabilitation argument where defendant had a decade of mitigation evidence, including documentary evidence supporting his coursework and good behavior, a glowing letter from his employer, and where there had been "substantial changes" in the law that, applied to defendant, would have reduced his guideline range from 188–235 months down to 92–115 months); *United States v. Vaughn*, 62 F.4th 1071, 1071 (7th Cir. 2023) ("Taking classes while incarcerated is common rather than extraordinary.").  Moreover, even if considered with the other factors already mentioned, the court does not find extraordinary and compelling circumstances.  Thus, his rehabilitation efforts do not render him eligible for a reduction in sentence, either.

      Furthermore, as the court discusses next, even if he could establish such an extraordinary and compelling reason, the court would not grant any relief based on the 18 U.S.C. § 3553(a) factors.

---

[5] His motion also refers to letters of support from family being attached.  (Mot. 7)  There are two letters attached as exhibits, but they are in Spanish and not translated.  (*See* Dkt. No. 175-1, at 5, 7.)  Because the court has concluded he has not established extraordinary and compelling circumstances for a reduction and because nothing in those letters could change that conclusion, no translation to English is needed.

7

**D. Section 3553(a) Factors**

When determining whether a sentencing reduction is warranted, the court must consider any applicable sentencing factors under 18 U.S.C. § 3553. Those factors include:

- the nature and circumstances of the offenses;
- the history and characteristics of the defendant;
- the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for the law, to provide just punishment for the offenses, to deter criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational, vocational and other correctional treatment services;
- the kinds of sentences available and the sentencing range for the offenses; and
- the need to avoid unwarranted sentence disparities.

18 U.S.C. § 3553(a).

Here, those factors do not generally favor Morales. The nature and circumstances of the offenses are particularly unfavorable, in that Morales possessed a firearm while selling drugs, which increases the risk of harm to all those involved or unlucky enough to be in the area. The conspiracy in which he was involved lasted more than a year and he was a supplier of large quantities of high-quality methamphetamine.

Turning to his history and characteristics, he has a history of employment and family support, which is positive and which the court recognized in imposing a sentence below his guideline range initially. As noted in the court's statement of reasons, though, he also had a prior drug conviction and committed this crime while under a criminal justice sentence. (*See* Dkt. No. 108.) Thus, the need to deter him and to promote respect for the law requires a substantial sentence.

Especially because of the seriousness of his conduct, a significant sentence also is needed to promote respect for the law, punish, and deter such criminal conduct. Reducing his already below-guidelines sentence further is not warranted.

In sum, the court would not reduce Morales's sentence even if he could show extraordinary and compelling circumstances on one or more of the grounds discussed *supra* at Section II-C.

## III. CONCLUSION AND ORDER

For the reasons stated above, it is hereby ORDERED that Morales's motion for a reduced sentence based on the compassionate release statute (Dkt. No. 175) is DENIED. The clerk is directed to provide a copy of this order to all counsel of record and directly to Morales.

Entered: October 24, 2025.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge